# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LESTER CHARLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:19-cv-01214-SPM |
| | ) |
| BILL BOWYER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Lester Charles[1] for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $3.70. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, plaintiff will be directed to file an amended complaint on a Court-form.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

---

[1] In the complaint, apparently written by a different inmate, plaintiff is referred to as "Charles Lester." However, his signature and his motion to proceed in forma pauperis indicate that his name is actually Lester Charles.

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff submitted a certified inmate account statement. (Docket No. 4). The statement shows an average monthly deposit of $18.50. The Court will therefore assess an initial partial filing fee of $3.70, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

On May 3, 2019, six inmates from the Farmington Correctional Center (FCC) in Farmington, Missouri, filed a joint lawsuit pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint named seven defendants, all of whom were sued in both their individual and official capacities. Plaintiff was among the inmates who filed the joint lawsuit. He also filed an individual motion for leave to proceed in forma pauperis. (Docket No. 3). Because the Court does not allow prisoners to join together and proceed in forma pauperis, the lawsuit was severed, and new cases were opened for each individual plaintiff, using the complaint in the originating action. (Docket No. 2).

## The Complaint

As noted above, plaintiff is an inmate currently incarcerated at FCC. He, along with five other inmates, filed a complaint pursuant to 42 U.S.C. § 1983. The complaint names the following defendants: Bill Bowyer, Teri Lawson, Tami White, Melanie Coffman, Edmund Jennings, Sharron

Montgomery, and Paul Blair. (Docket No. 1 at 4-5). Generally, the complaint alleges that the constitutional rights of all six inmates are being violated due to unsanitary conditions of confinement. Specifically, plaintiff alleges that there is a roach infestation and "black mold" in the A-dining and B-dining areas. (Docket No. 1 at 8). He also claims that the steam machine in A-dining "was not running at proper temperatures for dish sanitation." (Docket No. 1 at 9). Plaintiff states that prison officials have been made aware of these issues, but they have not been satisfactorily handled. The complaint also contains various declarations and grievance filings from many of the six prisoners.

Plaintiff seeks an injunction ordering defendants to clean up the black mold, deal with the infestations, and fix the steam machines. (Docket No. 1 at 14). Plaintiff also requests $60,000 in "nominal/actual damages" against each defendant; $40,000 in compensatory damages against each defendant; and $40,000 in punitive damages against each defendant.

**Discussion**

Plaintiff is one of six inmates who filed a joint lawsuit pursuant to 42 U.S.C. § 1983. The complaint is deficient in several respects. First, plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Here, he purports to bring claims of constitutional violations on behalf of himself and five other inmates.

Second, there is no indication that plaintiff is a licensed attorney. A non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se

means to appear for one's self, a person may not appear on another's behalf in the other's cause…A person must be litigating an interest personal to him"); and *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Finally, the complaint fails to adequately allege facts showing how each named defendant was personally aware of and disregarded a substantial risk to plaintiff's health or safety. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (stating that a § 1983 claim was not cognizable where plaintiff failed to allege that defendant was personally involved in or directly responsible for incident that injured him). The complaint does not demonstrate this causal link. Rather, plaintiff relies on the supervisory or administrative positions of defendants to assert liability, which is inadequate to state a claim. *See Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018) (stating that government officials may not be held liable for unconstitutional conduct under a theory of respondeat superior).

Because plaintiff is proceeding pro se, he will be given an opportunity to file an amended complaint setting forth his own claims for relief. He should amend his complaint according to the instructions set forth below.

**Amendment Instructions**

Plaintiff should type or neatly print his complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed.

R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should fill out the form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the

essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff should only bring claims on his own behalf. That is, he must allege how his own constitutional rights were allegedly violated. He cannot assert constitutional violations on behalf of others.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $3.70 within **thirty (30)** days of the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of this order in which to file his amended complaint on the Court-provided form, according to the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order within **thirty (30) days**, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that when plaintiff's amended complaint is received, it will be reviewed pursuant to 28 U.S.C. § 1915.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of July, 2019.